**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SMBC RAIL SERVICES LLC, a Delaware limited liability company, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. |
| v. | )<br>) |
| B&G FUTURES INC., an Ohio corporation, | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiff SMBC Rail Services LLC (*"Plaintiff"* or *"Rail Services"*), by and through its counsel of record, complains against Defendant B&G Futures Inc. (*"Defendant"* or *"B&G"*), as follows:

## INTRODUCTION

1. This action is brought by Rail Services against Defendant for money damages resulting from Defendant's breach of a written lease agreement relating to railcars, as more fully described below.

## PARTIES AND FACTS SUPPORTING JURISDICTION AND VENUE

2. Plaintiff Rail Services is now, and at all times mentioned herein was, a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

3. Defendant B&G is, and at all times mentioned herein was, an Ohio corporation with its principal place of business located in Canton, Ohio.

4. Plaintiff Rail Services is wholly owned by SMBC Rail Investment LLC, a Delaware limited liability company ("*SMBC Investment*").

5. SMBC Investment is wholly owned by SMBC Leasing and Finance, Inc., a Delaware corporation.

6. This action is one over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because (a) there is complete diversity of citizenship, and (b) the matter in controversy exceeds $75,000.00.

7. In the Lease (as defined below), Defendant contractually submitted itself to the personal jurisdiction of this Court.

8. In the Lease, Defendant also contractually agreed to the venue of this District.

9. Section 21 of the Lease provides:

> GOVERNING LAW, CONSENT TO JURISDICTION, VENUE SELECTION, AND JURY WAIVER
>
> EACH LEASE AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER AND THEREUNDER SHALL IN ALL RESPECTS BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE UNITED STATES AND THE STATE OF ILLINOIS (WITHOUT REGARD TO CHOICE OR CONFLICT OF LAWS PRINCIPLES), INCLUDING ALL MATTERS OF CONSTRUCTION, VALIDITY, AND PERFORMANCE, REGARDLESS OF THE LOCATION OF THE RAILCARS. The Parties agree that any action or proceeding arising out of or relating to a Lease may be commenced in any federal or state court sitting in the Northern District of Illinois and the Parties irrevocably submit to the jurisdiction of each such court and agree not to assert, by way of motion, as a defense or otherwise, in any such suit, action or proceeding, any claim that it is not personally subject to the jurisdiction of such court, that the suit, action or proceeding is brought in an inconvenient forum, that the venue of such suit, action or proceeding is improper, or that the Lease or the subject matter thereof or the transaction contemplated hereby or thereby may not be enforced in or by such court. LESSEE AND LESSOR IRREVOCABLY WAIVE ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

10. Venue is therefore proper in the United States District Court for the Northern District of Illinois.

**GENERAL ALLEGATIONS**

11. Plaintiff and Defendant are parties to that certain Master Lease Agreement dated January 25, 2018, together with Rider No. 1 (#1491-10001) and all renewals and amendments

thereto relating to twenty (20) railcars, and Rider No. 2 (#1491-10002) relating to one hundred (100) railcars, true and correct copies of which are attached hereto and incorporated herein by reference as Exhibits 1-3, respectively (together, the *"Lease")*. Capitalized terms used herein and not otherwise defined shall have the meanings given to them in the Lease.

12. Pursuant to Section 21 of the Lease, the Lease is governed by Illinois law.

13. Pursuant to Section 3(b) of the Lease, payment of the Rent for each Railcar is due on the first day of each month of the Term.

14. Pursuant to Section 19 of the Lease, failure to timely pay Rent due constitutes an Event of Default.

15. Pursuant to Section 3(i) of the Lease, all invoices not paid within ten (10) days of their due date are subject to a 5% late payment charge.

16. Pursuant to Section 11(a)(iii) of the Lease, B&G is contractually obligated to return all of the Railcars "in the same or as good condition as received, ordinary wear and tear excepted, clean, safe for human entry, free and clear from all accumulations or deposits from commodities transported in or upon the Railcars while in the service of the Lessee."

17. If B&G does not return the Railcars in the condition required by the Lease, Plaintiff is entitled under Section 11(a) of the Lease to recover from B&G all costs and expenses incurred by Rail Services to render the Railcars in the contractually required return condition.

18. Pursuant to Section 19 of the Lease, Rail Services is entitled to repossess the Railcars. If B&G does not assist in such repossession and retains possessory interest over the Railcars from and after termination of the Lease, Section 3(d) of the Lease provides an increased monthly rental rate of 150% per Railcar until the Railcars are returned to Rail Services.

19. Pursuant to Sections 3(e), 6(d), and 11(a)(iii) of the Lease, B&G is contractually obligated to pay all storage, switching, and freight costs.

20. Pursuant to Section 13 of the Lease, B&G is contractually obligated to deliver to Rail Services on an annual basis the consolidated balance sheet, income statement, and statements of cash flows and shareholders' equity for B&G and its consolidated subsidiaries prepared in

accordance with U.S. GAAP and certified by independent certified public accountants of recognized standing selected by B&G (the "*Financial Statements*").

21. Pursuant to Section 19 of the Lease, Plaintiff is entitled to recover from Defendant the attorneys' fees and expenses incurred by Plaintiff in connection with Defendant's breaches of the Lease.

22. B&G has failed to pay the following invoices in accordance with the Lease (together, the "*Invoices*"):

    (a)      Invoice No. 40805: $698.91

    (b)      Invoice No. 667088: $88,500.00

    (c)      Invoice No. 667852: $88,500.00

    (d)      Invoice No. 42205: $665.17

    (e)      Invoice No. 668617: $88,500.00

    (f)      Invoice No. 669377: $88,500.00

    (g)      Invoice No. 670142: $101,000.00

    (h)      Invoice No. 670901: $102,500.00

    (i)      Invoice No. 671668: $102,500.00

    (j)      Invoice No. 672436: $100,545.83

    (k)      Invoice No. 673248: $101,625.00

23. Pursuant to the Lease, the foregoing overdue Invoices have also accrued a 5% late payment charge in an amount no less than $945,828.61. B&G has also failed to pay the late penalty charges in accordance with Section 3(i) of the Lease.

24. B&G has failed to pay storage, switching, and freight costs in an amount no less than $2,483,684 in accordance with Sections 3(e), 6(d), and 11(a)(iii) of the Lease.

25. B&G failed to deliver Financial Statements to Rail Services for the year-ended 2021 in accordance with Section 13 of the Lease.

26. Plaintiff delivered written demand notices to Defendant dated April 29, 2022 and September 6, 2022, true and correct copies of which are attached hereto and incorporated herein

by reference as Exhibits 4 and 5, respectively (together, the "*Demand Notices*").

27. B&G failed to respond to the Demand Notices and has failed to cure the defaults and Events of Default under the Lease described therein.

### COUNT I
### (BREACH OF CONTRACT UNDER ILLINOIS LAW)

28. Rail Services re-alleges and incorporates by reference paragraphs 1 through 27 of this Complaint as this paragraph 28.

29. The Lease is valid and enforceable.

30. Plaintiff has performed all of its obligations under the Lease.

31. Defendant has breached its obligations under the Lease by (including without limitation) failing to pay the Rent due thereunder, failing to pay the late penalty charges, failing to pay storage, switching, and freight costs due thereunder, and failing to deliver the Financial Statements.

32. Plaintiff has suffered damages by virtue of the foregoing breaches of the Lease by Defendant, in an amount to be proved.

33. As part of its damages, Plaintiff hereby seeks payment from Defendant of the attorneys' fees and expenses incurred by Plaintiff in connection with Defendant's breaches of the Lease.

**WHEREFORE**, Plaintiff SMBC Rail Services LLC respectfully requests that the Court (1) enter judgment in its favor and against Defendant on Count I of the Complaint, inclusive of accruing pre-judgment interest pursuant to 815 ILCS 205/2 and costs and attorneys' fees incurred by Rail Services, and (2) grant any other relief this Court deems just and proper.

DATED: November 15, 2022

                                                        Respectfully submitted,

                                                       SMBC RAIL SERVICES LLC

                                                       By /s/ Bryan Jacobson
                                                            One of Its Attorneys

David T.B. Audley (audley@chapman.com)
Michael T. Benz (benz@chapman.com)
Bryan E. Jacobson (bjacob@chapman.com)
CHAPMAN AND CUTLER LLP
320 South Canal Street
Chicago, Illinois 60606
(312) 845-3000
(312) 701-2361 (FAX)